NEW JERSEY STATE POLICEMEN'S BENEVOLENT ASSO-
CIATION, INC., A NEW JERSEY CORPORATION, PLAIN-
TIFF, v. TOWN OF MORRISTOWN, A MUNICIPAL COR-
PORATION; ANTHONY CATTANO, MAYOR OF THE
TOWN OF MORRISTOWN, A MUNICIPAL CORPORA-
TION; RICHARD C. SMITH, SR., CHIEF OF POLICE OF
THE TOWN OF MORRISTOWN, A MUNICIPAL COR-
PORATION; JOHN MURPHY AND GEORGE F. KUGLER,
JR., ATTORNEY GENERAL OF THE STATE OF NEW
JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 19, 1973.

*Mr. Anthony L. Mezzacca* for plaintiff (*Messrs. Mezzacca, Guida ,& Maddalena,* attorneys).

*Mr. Henry M. Hoyt* for defendants Town of Morristown, Richard C. Smith, Sr. and John Murphy (*Messrs. Hoyt, Jeffers & Weiland,* attorneys).

*Mr. Morton I. Greenberg,* Assistant Attorney General, for defendant State of New Jersey (*Mr. George F. Kugler, Jr.,* Attorney General, attorney; *Mr. John M. Van Dalen,* Deputy Attorney General, on the brief).

FURMAN, J. S. C. ■ On motions for judgment on the pleadings (*R.* 4:6–2) the sole issue is whether defendant Murphy and others 18 years of age are eligible for appointment as municipal police officers. *N. J. S. A.* 40A:14–127 fixes an age range of 21 to 35 for starting municipal police officers. The Legislature lowered the age of legal majority from 21 to 18, effective January 1, 1973, by *L.* 1972, *c.* 81 (*N. J. S. A.* 9:17B–1 to 3), extending specifically to 18-year-olds the right theretofore applicable to 21-year-olds to "apply for and be appointed to public employment."

No pertinent legislative history of *L.* 1972, *c.* 81, or of *N. J. S. A.* 40A:14–127, is available. No judicial precedent in this State or elsewhere is cited.

Plaintiff is seeking a declaratory judgment in view of the alleged public importance of the issue. Plaintiff argues generally that *N. J. S. A.* 40A:14–127 was not repealed impliedly by *L.* 1972, *c.* 81, because of its evident legislative intent to restrict appointment of municipal police officers, who protect the public and themselves face danger recurrently, to persons of maturity and experience as well as physical fitness.

The Attorney General concedes that his research reveals no statute governing the minimum age of public employment outside the fields of law enforcement and fire fighting. *N. J. S. A.* 39:2–6.1 (Motor Vehicle Inspectors), *N. J. S. A.* 40A:14–12 (Municipal Firemen), and *N. J. S. A.* 53:1–9 (State Police) provide starting age requirements between 21 and 35. Thus, a legislative intent to limit eligibility to persons of maturity and experience beyond 18-year-olds may be argued for.

In fixing the maximum starting age at 35 the Legislature presumably was assuring insofar as possible the physical fitness of law enforcement and fire fighting personnel, both because of their hazardous employment and of the liberal pension benefits payable upon death or disability to their survivors or themselves. Granted such a compelling legislative intent, a plausible hypothesis is that the Legislature established an age range for eligibility equating the bottom of the range with the age of legal majority. But the establishment of an age range would have been superfluous, absent an additional legislative intent to bar persons under 21 from employment as policemen or firemen.

Defendants argue that if the right of 18-year-olds to "apply for and be appointed to public employment" is not applied to *N. J. S. A.* 40A:14–127 and its companion statutes, that right adds nothing to what 18-year-olds were eligible for before the enactment of *L.* 1972, *c.* 81. The Legislature is presumed to be familiar with its prior statutes, *Brewer v. Porch,* 53 *N. J.* 167, 174 (1969), and not to contemplate a nullity, *O'Rourke v. Board of Review,* 24 *N. J.* 607, 610, 611 (1957).

Conversely, the Chief Examiner and Secretary of the State Civil Service Department has the authority to fix minimum age requirements for positions in the classified service (*N. J. S. A.* 11:9–2), as do governmental subdivisions for positions not subject to Civil Service (*N. J. S. A.* 40:48–1(3)). Some meaning must therefore be accorded

to the statutory language authorizing public employment for 18-year-olds even if held inapplicable to *N. J. S. A.* 40A:14–127.

Implied repealers are not favored in the law unless the legislative intent is clear. *Brewer v. Porch, supra,* 53 *N. J.* at 173; *Dept. of Labor v. Cruz,* 45 *N. J.* 372 (1965). Overriding considerations of public safety and welfare are at stake in the determination of qualifications for initial appointment of police officers. While *L.* 1972, *c.* 81, provides that 18-year-olds "shall have the same legal capacity to act and the same powers and obligations as a person 21 or more years of age," distinctions in maturity and experience between 21 and 18 year olds are not abolished, for example, four years' rather than one year's experience as a licensed motor vehicle driver (*N. J. S. A.* 39:3–10).

*L.* 1972, *c.* 81, is held not to have repealed *N. J. S. A.* 40A:14–127. Judgment on the pleadings is so rendered.